UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ADEN FOGEL, | ) | CASE NO. 1:06 CV 676 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JULIUS WILSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 24, 2006, plaintiff pro se Aden Fogel filed this action under 42 U.S.C. §1983 against Richland Correctional Institution ("RCI") Warden Julius Wilson, RCI Physician Kenneth Williams, RCI Medical Administrator Brian Cain, RCI Unit Manager Administrator Carla Bernard, RCI Unit Manager Terry Chatman, RCI Unit Manager Joy Kirsh, RCI Lieutenant Deskins, and RCI Sergeant Burkhart. In the complaint, Plaintiff alleges that he was denied a non-smoking housing assignment in violation of the Eighth Amendment.

*Background*

Mr. Fogel states he is currently housed in a unit of RCI in which inmates and staff members are permitted to smoke. He indicates that on August 3, 2004, he signed up for sick call for symptoms, such as persistent coughing, shortness of breath, eye irritation, nasal congestion, nausea,

and itching skin, which he believes to be related to his exposure to tobacco. He claims he was seen by Dr, Williams on August 5, 2004, and requested medical placement in a non-smoking unit of the prison. He indicates Dr. Williams refused his request stating that his symptoms were not sufficiently serious to warrant a medical restriction.

Mr. Fogel alleges that his repeated requests for non-smoking placement finally resulted in his reassignment to to "H2 Lower A/B on April26, 2005." (Compl. at 13.) He claims that although this housing unit is supposed to be free from tobacco smoke, inmates and staff members regularly violate this policy by smoking in the unit. He states that when he complained about the violations, he was told that if inmates are caught smoking or possessing tobacco products, they are promptly reassigned. He indicates that his policy, however, does not apply to the inmates who are housed in the unit for purposes of administrative protective custody. Mr. Fogel contends that those inmates are permitted to remain in the unit even when they are found smoking or in possession of tobacco products. He further contends that staff members are permitted to smoke in the housing unit with no ramifications. Mr. Fogel alleges that his symptoms have continued to become worse. He asserts that the Defendants have been deliberately indifferent to his serious medical needs.

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e: Wyatt v. Leonard, 193 F.3d 876. 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he

-2-

has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The

decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L)

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He attaches copies of an Informal Complaint Resolution form, a Notification of Grievance form, the Institutional Inspector's Disposition of the Grievance, and his Appeal to the Chief Inspector, all expressing his displeasure with Dr. Williams's denial of his request for a medical restriction. While Mr. Fogel arguably completed the grievance process for his claims against Dr. Williams, there is no indication that he submitted grievances and exhausted his administrative remedies for his claims against the other defendants.

The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Fogel has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The

-4-

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.



CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED

JUN - 6 2006

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[1]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.